IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN LANE | : | CIVIL ACTION |
| v. | : | |
| PATRICIA H. JENKINS, et al. | : | NO. 10-2149 |




**MEMORANDUM OPINION**

**Savage, J.** **December 20, 2011**

**Background**

In his two-paragraph *pro se* complaint characterized as a § 1983 action, the plaintiff, John Lane ("Lane") alleges that the state court judge who presided over his criminal proceedings and the assistant district attorney who prosecuted him subjected him to double jeopardy for punishing him twice for the same offense and cruel and unusual punishment in requesting excessive bail. In support of his complaint, Lane attached documents showing that he was convicted pursuant to a negotiated guilty plea for failing to register as a sexual offender in violation of 18 Pa. Cons. Stat. § 4915(a)(1). Lane seeks damages of $20,000.00 per day from January 15, 2010 to the present.

The defendants have each filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] Judge Jenkins asserts absolute judicial immunity,[2] and prosecutor Galantino raises prosecutorial immunity. Both defendants also contend that the complaint fails to allege sufficient facts stating a cause of action that would entitle Lane to relief.

---

[1] On November 17, 2011, we notified Lane that if he failed to respond to the defendants' motions by December 15, 2011, we may grant the motions as uncontested and dismiss his complaint. However, giving deference to his *pro se* status, we shall consider the motions contested and rule on the merits.

[2] Judge Jenkins also challenges the complaint pursuant to Fed. R. Civ. P. 12(b)(1).

Because Judge Jenkins and Galantino are entitled to absolute immunity, we shall dismiss Lane's complaint.

**Standard of Review**

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). We may also consider documents attached to the complaint. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). With these standards in mind, we shall accept as true the facts as they appear in Lane's complaint and draw all possible inferences from these facts in his favor.

**Discussion**

Judges enjoy absolute immunity for judicial acts performed in cases over which they have jurisdiction. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768-69 (3d Cir. 2000); *Feingold v. Hill*, 521 A.2d 33, 36-37 (Pa. Super. Ct. 1987). Even legal or factual error, personal malice, or the performance of an act in excess of jurisdiction will not remove the cloak of judicial immunity. *Gallas*, 211 F.3d at 769; *Feingold*, 521 A.2d at 36.

Only when a judge performs a non-judicial act or acts in a "clear absence of all jurisdiction" is the protection of judicial immunity lost. *Gallas*, 211 F.3d at 769 (citations

omitted); *Feingold*, 521 A.2d at 36. Evaluating whether a judge has acted in the clear absence of all jurisdiction focuses on the nature of the act and the expectations of the parties. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Judicial acts are distinguished from mere administrative acts. *Gallas*, 211 F.3d at 769-70 (citing *Forrester v. White*, 484 U.S. 219, 227 (1988)).

Lane has not alleged any facts that Judge Jenkins either performed a non-judicial act or acted without jurisdiction. On the contrary, he complains of what Judge Jenkins did during his criminal proceeding. When Judge Jenkins accepted Lane's guilty plea, she was clearly performing a judicial act. Thus, Judge Jenkins is entitled to absolute immunity.[3]

A prosecutor enjoys absolute immunity from liability for actions taken in connection with judicial proceedings. *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) (citations omitted), *aff'd sub. nom.*, *Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011). This generally means activities conducted in court, such as presenting evidence or legal arguments. *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutorial activities outside the courtroom receive the same protection only if they are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler*, 424 U.S. at 430).

Absolute immunity from § 1983 claims attaches to the prosecutor's decision to

---

[3] *See Robinson v. Smyth*, 258 F. App'x 469, 470 (3d Cir. 2007) (holding that state court judge is absolutely immune from suit for money damages based on judge's actions during plaintiff's criminal trial); *Rivers v. King*, 23 F. App'x 905, 908 (10th Cir. 2001) (affirming dismissal of plaintiff's claims against four state court judges for double jeopardy and excessive bail because the judges were acting in their judicial capacity and thus entitled to absolute immunity); *Santos v. New Jersey*, No. 09-1804, 2009 WL 2778320, at *4 (D.N.J. Aug. 31, 2009) (holding that claims involving the setting of bail and oversight of state criminal proceedings are judicial acts), *aff'd*, 393 F. App'x 893, 899 (3d Cir. 2010).

initiate a prosecution. *Id.* (citing *Imbler*, 424 U.S. at 424). Administrative or investigative actions, on the other hand, are only protected by qualified immunity, *id.* at 342 (citing *Imbler*, 424 U.S. at 431, n. 33), unless the actions "relate directly to the conduct of a criminal trial." *Schneyder*, 653 F.3d at 334 (citing *Van de Kamp*, 555 U.S. at 344). A prosecutor's behavior that is totally unrelated to the prosecutorial role or exceeds the scope of his authority is similarly unprotected by absolute immunity. *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) (citing *Rose v. Bartle*, 871 F.2d 331, 346 (3d Cir. 1989)).

In determining whether the prosecutor's activity is entitled to absolute immunity, we take into account what function the prosecutor was performing. *Van de Kamp*, 555 U.S. at 342 (citation omitted). This inquiry requires us to analyze the conduct forming the basis for the plaintiff's cause of action. *Schneyder*, 653 F.3d at 332 (citation omitted). Although the Third Circuit has "rejected bright-line rules that would treat the timing of the prosecutor's action (*e.g.* pre- or postindictment), or its location (*i.e.* in- or out-of-court), as dispositive," *Odd*, 538 F.3d at 210, certain actions clearly serve the prosecutorial function, entitling the prosecutor to absolute immunity.

In claiming he was subject to double jeopardy, Lane appears to take issue with Galantino bringing charges against him for failing to register as a sexual offender. However, Galantino enjoys absolute immunity from § 1983 claims challenging his decision to initiate a prosecution and prosecute. *Van de Kamp*, 555 U.S. at 341; *see also Giuffre*, 31 F.3d at 1252 ("The decision to initiate a prosecution is at the core of a prosecutor's role." (citing *Imbler*, 424 U.S. at 430-31)).

The same must be said for Galantinio's role in negotiating the guilty plea with Lane. Plea negotiations during a criminal prosecution are clearly a prosecutorial function.

Therefore, Galantino is entitled to absolute immunity from Lane's double jeopardy claims.[4]

Lane also alleges that Galantino sought excessive bail. However, prosecutors are absolutely immune from claims challenging their role in advocating for a certain level of bail.[5] Advocating on behalf of the state during a criminal proceeding is what a prosecutor does. What Galantino did was prosecutorial, not administrative or investigative. Furthermore, a judicial officer, not a prosecutor, sets bail. Therefore, he enjoys absolute immunity.

Lane's double jeopardy claim is also barred as a matter of law under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a plaintiff is barred from bringing a constitutional claim pursuant to § 1983 if a judgment in his favor would demonstrate or imply the invalidity of his criminal conviction. *Id.* at 486-87. Lane has provided no indication that the conviction arising out of his guilty plea, which he challenges here, was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 487. Ruling in favor of Lane on his double jeopardy claim would invalidate his conviction for failing to register as a sexual offender. Hence, his claim is *Heck*-barred.

---

[4] This comports with other courts that have addressed the issue and held that prosecutors are entitled to absolute immunity from double jeopardy claims. *Nivens v. Gilchrist*, 444 F.3d 237, 250 (4th Cir. 2006); *Rivers*, 23 F. App'x at 907-08 (citing *Imbler*, 424 U.S. at 427).

[5] *Hart v. O'Brien*, 127 F.3d 424, 441 (5th Cir. 1997), *abrogated on other grounds by Kalina v. Fletcher*, 522 U.S. 118 (1997); *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995); *Lerwill v. Joslin*, 712 F.2d 435, 438 (10th Cir. 1983); *Spruill v. Castille*, No. 91-7521, 1992 WL 17465, at *1 (E.D. Pa. Jan. 27, 1992).

Where a prosecutor serves the role of a witness, such as in submitting a sworn document to support a motion, the prosecutor is no longer operating in a prosecutorial function. In that case, he is entitled to qualified, rather than absolute, immunity. *Kalina*, 522 U.S. at 129-30. Nothing in Lane's complaint indicates that Galantino stepped outside his role as a prosecutor to serve as a witness.

## Conclusion

Both defendants are entitled to absolute immunity. In addition, Lane's action is barred under *Heck*. Therefore, we shall grant the motions to dismiss.

We shall not grant Lane leave to amend his complaint because amendment would be futile. In denying Lane leave to amend, we note the Supreme Court of the United States has held that registration requirements for sexual offenders are not punitive. *Smith v. Doe*, 538 U.S. 84, 99-106 (2003). As such, they do not violate the protections afforded by the Double Jeopardy Clause. *See, e.g.*, *A.A.* ex rel. *M.M. v. New Jersey*, 341 F.3d 206, 209 (3d Cir. 2003) (observing that the Court's holding in *Smith v. Doe* disposed of plaintiffs' double jeopardy challenge to registration requirement for sexual offenders). Lane cannot successfully amend his complaint to claim that the registration requirement punishes him a second time for the original offense of which he had been convicted.